UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>QINGDAO NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO FOLLOW THE TREND NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO MARS CULTURE MEDIA CO., LTD d/b/a UCOOLME and VIVICUTE LIMITED,<br><br>*Defendants* | **25-cv-4183 (LJL)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendants** | Qingdao Network Technology Co., Ltd. a/k/a Qingdao Follow The Trend Network Technology Co., Ltd. a/k/a Qingdao Mars Culture Media Co., Ltd. d/b/a uCoolMe and Vivicute Limited |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **TikTok** | TikTok, incorporated in the Cayman Islands and owned by parent company, ByteDance, based in Beijing, is a social media and social e-commerce platform |
| **TikTok Shop** | A shopping platform within the TikTok app that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and sell retail products through in-app purchases on TikTok, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Website (as defined *infra*), Defendants' User Accounts (as defined *infra*), Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system claimed by the Lashify Patents |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be |

i

| | |
|---|---|
| | applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patents and the Lashify Design Patents. |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the underside of a user's natural lashes, a sealer for providing protection to the Gossamer® Lashes, and a luxury case |
| **Lashify Website** | https://www.lashify.com/ |
| **Lashify Amazon Storefront** | https://www.amazon.com/lashify/s?k=lashify |
| **Lashify Social Media** | Facebook https://www.facebook.com/lashify/ <br> Instagram https://instagram.com/lashify <br> YouTube https://www.youtube.com/@Lashify and <br> TikTok https://www.tiktok.com/@lashify |
| **Lashify Patents** | U.S. Patent No. 11,253,020 ("'020 Patent") and U.S. Patent No. 12,171,290 ("'290 Patent"), each entitled Artificial Lash Extensions |
| **Infringing Products** | Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe one or more claims of the Lashify Patents |
| **Lashify Design Patents** | U.S. Design Patent No. D1,009,374 ("'374 Patent"), and U.S. Design Patent No. D989,333 ("'333 Patent") each entitled Artificial Lash Extension. |
| **Infringing Design Products** | Lash extensions designed to be applied to the underside of natural lashes that infringe one or more claims of the Lashify Design Patents. |
| **Infringing Listings** | Defendants' listings for Infringing Products and Infringing Design Products |
| **Defendants' Website** | https://ucoolmelashes.com/ |
| **User Accounts** | Any and all websites owned and/or operated by Defendants (including, without limitation, Defendants' Website), any and all social media accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, advertise, promote, offer for sale and/or sell Infringing Products and/or Infringing Design Products including, without limitation: Instagram (https://www.instagram.com/ucoolmelashes/), Facebook (https://www.facebook.com/people/Ucoolmelashes/61555897671779/), Pinterest (https://www.pinterest.com/ucoolmelashes/), TikTok (https://www.tiktok.com/@ucoolmelashes) and TikTok Shop UCoolMe Lashes, and held and/or operated by Defendants, and any and all accounts with online marketplace platforms such as AliExpress, Amazon and TikTok Shop, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants. |
| **Merchant** | Any and all User Accounts through which Defendants, their respective |

| **Storefronts** | officers, employees, agents, servants and all persons in active concert or participation with Defendants operate storefronts or social commerce pages to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products and/or Infringing Design Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' User Accounts, Defendants' Website or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay), PingPong Global Solutions, Inc. ("PingPong"), TikTok Shop Payment services ("TikTok Pay"), Meta Payments, Inc. ("MetaPay"), Alphabet, Inc. aka Google, LLC ("Google Pay"), Razorpay Software Private Limited, ("Razorpay"), Ayden N.V. ("Ayden"), and Stripe, Inc. ("Stripe") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' User Accounts, including online marketplace platforms, including, without limitation, AliExpress, Amazon, TikTok Shop, and Internet Service Providers, website hosts and/or registrars including, without limitation, GoDaddy.com, LLC, social media platforms including Facebook, Instagram, TikTok and Pinterest, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Infringing Products and/or Infringing Design Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on May 19, 2025 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Website, User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 20, 2025 ("TRO") which ordered Defendants to appear on March 30, 2025 at 3:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 22, 2025, Plaintiff requested modification of the TRO, and on the same day, May 22, 2025, the Court granted Plaintiff's request, including adjourning the Show Cause Hearing to June 16, 2025 at 2:00 p.m. ("May 22, 2025 Order");

WHEREAS, on May 22, 2025, Plaintiff requested modification of the TRO, and on the same day, May 22, 2025, the Court granted Plaintiff's request, including adjourning the Show Cause Hearing to June 16, 2025 at 2:00 p.m. ("May 22, 2025 Order");

WHEREAS, on June 10, 2025, Plaintiff requested an additional modification of the TRO, and on the same day, June 10, 2025, the Court denied Plaintiff's request ("June 10, 2025 Order");

WHEREAS, on June 10, 2025, Plaintiff requested an additional modification of the TRO, and on the same day, June 10, 2025, the Court denied Plaintiff's request ("June 10, 2025 Order");

WHEREAS, on June 12, 2025, Plaintiff filed its first amended complaint against Defendants ("First Amended Complaint");

WHEREAS, on June 12, 2025, pursuant to the methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, First Amended Complaint, TRO, all papers filed in

1

support of the Application and the May 22, 2025 Order on Defendants via Federal Express to Defendants' business address and email, as well as to Defendants' counsel;

WHEREAS, on June 16, 2025, the Court heard oral argument on the motion for a preliminary injunction, and, on consent of the parties, extended the TRO until June 20, 2025 pending the Court's oral ruling on the motion for a preliminary injunction on June 23, 2025; and

WHEREAS, for the reasons stated on the record on June 23, 2025 and based on the findings of fact and conclusions of law made by the Court on the record, the Court determined that Plaintiff was entitled to a preliminary injunction.

IT IS HEREBY ORDERED:

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

    a) Accordingly, Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Lashify Patents;

    ii. operation of Defendants' Website, User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' Website, User Accounts and Merchant Storefronts in violation of this Order;

    iii.   directly or indirectly infringing in any manner Plaintiff's Lashify Patents;

    iv.   making, using, selling, importing and/or offering to sell products that infringe the Lashify Patents;

    v.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Website, User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

    vi.   effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

    vii.   linking, transferring, selling and/or operating Defendants' Website;

    viii.   using Defendants' User Accounts on social media platforms including but not limited to Facebook, Instagram, Pinterest and/or TikTok to advertise, promote, offer for sale and/or sell Infringing Products; and

    ix.   knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with

3

Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court; and

    ii. instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) and I(b)(i) above and I(c)(i) below, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Website, User Accounts and Merchant Storefronts in violation of this Order.

c) Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Defendants' Website, User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' Website, User Accounts and Merchant Storefronts in violation of this Order; and

    ii. instructing, aiding, or abetting Defendants and/or any other person or business

        entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii), I(b)(i) and I(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Website, User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, Defendants' Website, User Accounts, and Defendants' Merchant Storefronts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this

5

Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants, Defendants' Website, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

    d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Website, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

        i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all Defendants' Website(s), User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

        ii. the identity, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO; and

        iii. the nature of Defendants' business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Website, Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Website, User Accounts and Defendants' Merchant Storefronts.

4. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed

by the following means:

a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR-USTRO@aliexpress.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com;

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Venmo will be able to download a PDF copy of this Order via electronic mail to

8

businesssupport@venmo.com and infringementreport@paypal.com;

h) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where RazorPay will be able to download a PDF copy of this Order via electronic mail to disclosures@razorpay.com and contact@razorpay.com;

i) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

j) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Google Pay will be able to download a PDF copy of this Order via electronic mail to legal-support@google.com;

k) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Ayden will be able to download a PDF copy of this Order via electronic mail to ussubpoenas@adyen.com;

l) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com;

m) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to legal@tiktok.com, alexandra.ar@tiktokusds.com, john.green@bytedance.com and e-commerce.ipnotice@tiktok.com;

n) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Facebook will be able to download a PDF copy of this Order via electronic mail to ip@facebook.com and legal@meta.com;

o) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

9

    Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com; and

  p) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Pinterest will be able to download a PDF copy of this Order via electronic mail to support@pinterest.com.

5. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

6. The $15,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this  24     day of June         , 2025. New York, New York

                                                                  HON. LEWIS J. LIMAN
                                                                  UNITED STATES DISTRICT JUDGE