```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LASHIFY, INC.,

                      Plaintiff,

       -v-

QINGDAO NETWORK TECHNOLOGY CO., LTD.
a/k/a QINGDAO FOLLOW THE TREND
NETWORK TECHNOLOGY CO., LTD. a/k/a
QINGDAO MARS CULTURE MEDIA CO., LTD
d/b/a UCOOLME and VIVICUTE LIMITED,

                      Defendants.
-------------------------------------------------------------------X

25-cv-4183 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendants Qingdao Network Technology Co. Ltd. a/k/a Qingdao Follow The Trend Network Technology Co., Ltd. a/k/a Qingdao Mars Culture Media Co., Ltd. d/b/a UCoolMe and Vivicute Limited ("Defendants") move, pursuant to Federal Rule of Civil Procedure 65, for an order increasing the bond in this case from $15,000 to a minimum of $10,000,000. Dkt. No. 47. The motion is denied.

## BACKGROUND

    Plaintiff Lashify Inc. ("Lashify" or "Plaintiff") is a Delaware corporation engaged in the business of manufacturing and marketing a false eyelash extension system. Dkt. No. 10 ¶¶ 5, 8. Defendants, upon information and belief, are merchants located in Hong Kong and in Shandong Province, China, who sell competing eyelash extension systems on e-commerce and social media platforms, such as AliExpress, Amazon, TikTop Shop, and others. *Id.* ¶ 6

    On June 10, 2025, Lashify filed a complaint against Defendants alleging patent infringement in violation of 35 U.S.C. § 271 and moved for a temporary restraining order

("TRO") and an order to show cause why a preliminary injunction should not issue. Dkt. Nos. 10, 16–19. The Court issued a TRO that same day. Dkt. No. 20.[1] The TRO enjoined Defendants from directly or indirectly infringing in any manner Plaintiff's Lashify Patents and from making, using, selling, importing and/or offering to sell products that infringed Plaintiff's Lashify Patents or from dealing in products that infringed on the Lashify Patents or utilized the technology of one or more claims in the Lashify Patents. *Id.* ¶ I.A(1)–(3). The TRO required Plaintiff to secure the temporary restraining order with a bond of $15,000, which the Court determined was adequate for the payment of damages any person might be entitled to recover as a result of an improper or wrongful restraint imposed by the TRO. *Id.* ¶ VI.

Plaintiff filed a memorandum of law in support of its application for a TRO and for a preliminary injunction on June 10, 2025. Dkt. No. 17. In that memorandum, Plaintiff suggested that the TRO be secured by a bond in the amount of $5,000. Dkt. No. 17 at 32–33. Defendants filed their opposition to the preliminary injunction on June 13, 2025. Dkt. No. 26. Although Defendants argued that a preliminary injunction should not issue, Defendants did not dispute the amount of the bond in the event that the Court disagreed. *Id.*

The Court held a hearing on Plaintiff's motion for a preliminary injunction on June 16, 2025. Dkt. No. 41; June 16, 2025 Minute Entry. At the conclusion of the hearing, the Court *sua sponte* raised the question of the appropriate bond. Dkt. No. 41 at 54:15–16. The Court set a deadline of June 18, 2025, for Plaintiff to submit a letter setting forth a proposed bond and June 20, 2025, for Defendant to respond. Dkt. No. 41 at 54:19–21. Plaintiff submitted a letter on June 18, 2025, arguing that the bond should remain as set when the Court issued a temporary restraining order at $15,000. Dkt. No. 35. Defendant responded on June 22, 2025. Dkt. No. 39.

---

[1] The TRO was signed by the Honorable Lorna G. Schofield, sitting as Part One Judge. *Id.* at 16.

It did so through a letter filed on the docket which had financial figures redacted and a letter sent to the Court by email which was apparently unredacted but never filed on the docket. The filed letter requested the Court to set a bond in an amount that was redacted, based on financial figures that were also redacted. Dkt. No. 39 at 2.

On June 24, 2025, the Court issued a preliminary injunction order, extending the duration of the relief granted in the TRO through the pendency of this action. Dkt. No. 40. ¶ 1. The Court based that injunction on findings of fact and conclusions of law delivered orally on June 24, 2025. Dkt. No. 56. The Court found that Plaintiff had shown a likelihood of success on the merits as well as a likelihood of irreparable injury in the absence of preliminary injunctive relief. Dkt. No. 56 at 5:24, 10:8–11. The Court set the bond at $15,000. Dkt. No. 40 at 10. With respect to the bond, the Court advised that it had not considered Defendants' letter sent only by email and that if Defendants wanted to file materials under seal, Defendants were required to follow the instructions in the Court's Individual Practices in Civil Cases. *Id.* at 16.[2]

On July 18, 2025, Defendants filed this motion, styled as a motion for reconsideration. Dkt. No. 47. The motion is accompanied by a declaration of Amber Liu, the General Manager of Qingdao Network Technology Co., Ltd. Dkt. No. 49. The declaration is publicly filed; no request was made for it to be sealed. Liu asserts that during the period March 1, 2025, to May

---

[2] *See* Individual Practices in Civil Cases, Chambers of Lewis J. Liman, Rule 2.H; Attachment A ("Letter-motions for approval of redacted or sealed filings and the subject documents, including the proposed sealed document(s), must be filed electronically through ECF in conformity with the Court's standing order, 19-mc-00583. . . . File a letter-motion in public view, explaining the particular reasons for seeking to file the document with redactions or under seal. . . . File the document under seal with the text sought to be redacted highlighted and visible (or otherwise prominently marked so that it is clear what is sought to be redacted). Electronically relate the sealed document to the letter-motion. . . . File the document on the public docket with the confidential information redacted. . . . Electronically relate the [redacted] document to the letter-motion.").

3

24, 2025, UCoolMe sold 178,690 units of the allegedly infringing products on Amazon.com, generating a total of $4,509,862.50 in sales on Amazon alone, and that the average unit price during that period was about $25.77. *Id.* ¶ 10. Based on those figures, Liu estimates that if the accused products were continued to be sold at the same rate, UCoolMe would expect to generate $18,039,450.00 in revenue over the next twelve months. *Id.* ¶ 11. The declaration is supported by a snapshot of what purports to be a webpage listing sales for a period from March 1, 2025, to May 24, 2025. Dkt. No. 49 at 4. The webpage is not authenticated and there is no information provided regarding its reliability.

Plaintiff opposes Defendants' motion. Dkt. No. 52. It asserts that Defendants have not satisfied the standard for a motion for reconsideration and that the Liu declaration should be stricken under Local Civil Rule 6.3, which does not permit a party seeking reconsideration to file an affidavit except with leave of court. *Id.* at 2–4. It also argues that Defendants have not satisfied their burden of showing that a different bond amount is required because they have submitted only "raw sales data from an unidentified third party source for an entire storefront of products." *Id.* at 5. Defendants have filed a reply memorandum of law. Dkt. No. 51.[3]

On August 1, 2025, the Court issued an order directing the parties to show cause why Defendants' motion should not be considered under the standards for a motion to modify the terms of a preliminary injunction. Dkt. No. 53. Defendants and Plaintiff consented to the Court

---

[3] Defendants' reply memorandum of law was filed on July 29, 2025, before Plaintiff's opposition memorandum of law. Dkt. No. 51. It asserts that the motion should be granted as unopposed on the basis that Plaintiff failed to timely file an opposition memorandum. *Id.* at 2. Defendants are incorrect. Defendants' motion was styled a motion for reconsideration. Pursuant to Local Rule 6.1 and 6.3, opposition to a motion for reconsideration of an order other than one relating to a discovery dispute must be filed within fourteen days of the motion, and reply papers within seven days of the opposition. *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules 6.1, 6.3. Plaintiff's opposition memorandum was filed two days early, on July 30, 2025.

4

considering the motion as one for modification of the preliminary injunction. Dkt. Nos. 54, 55. Both parties appear to agree that whether the motion is considered one for reconsideration or modification "may amount to distinctions without a difference." Dkt. No. 55 at 2; *see* Dkt. No. 54 at 2 (arguing that modification must be based on a change in circumstances or clear error of law).

## DISCUSSION

Although styled a motion for reconsideration, the Court considers Defendants' motion to be one for modification of the preliminary injunction.[4]

"An injunction is an ambulatory remedy that marches along according to the nature of the proceeding. It is executory and subject to adaption as events may shape the need, except where rights are fully accrued or facts are so nearly permanent as to be substantially impervious to change." *Sierra Club v. United States Army Corps of Eng'rs,* 732 F.2d 253, 256 (2d Cir. 1984). A district court's decision whether to modify a preliminary injunction "involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.,* 423 F.3d 137, 141 (2d Cir. 2005). A party seeking to modify a preliminary injunction bears the burden to show that the modification is justified. *See SEC v. CKB168 Holdings, Ltd.*, 2017 WL 4465726, at *4 (E.D.N.Y. June 20, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 4358749 (E.D.N.Y. Sept. 27, 2017). The courts in this Circuit have generally required the moving party "to show that show that modification is justified by a significant change in facts or law." *Lawsky v. Condor Cap. Corp.*, 2014 WL 3858496, at *5 (S.D.N.Y. Aug. 1, 2014) (internal citations and quotations omitted); *see also SEC v. Xia*, 2024 WL 3447849, at *10 (E.D.N.Y. July 9, 2024)

---

[4] Accordingly, the Court considers the Liu declaration.

5

(same); *Ideavillage Prods. Corp. v. Bling Boutique Store*, 2017 WL 1435748, at *3 (S.D.N.Y. Apr. 21, 2017) (holding that a district court may modify a preliminary injunction only when it is "justified by a significant change in facts or law" (internal quotation marks and citations omitted)); *CKB168 Holdings*, 2017 WL 4465726, at *4 ("[A]n applicant for modification of a preliminary injunction must furnish credible evidence of a significant change in facts or law, or bring forward factual matters, that had the Court considered them, might have reasonably altered the result").

Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper." Fed. R. Civ. P. 65(c).  "Rule 65(c) gives the district court wide discretion to set the amount of a bond." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). "The injunction bond is designed 'to cover any damages that might result if it were later determined that [the applicant] was not entitled to an injunction.'" *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1055 (2d Cir. 1990) (quoting *Commerce Tankers Corp. v. National Maritime Union,* 553 F.2d 793, 800 (2d Cir.), *cert. denied,* 434 U.S. 923 (1977)); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011).  "[I]t has been held proper for the court to require no bond where there has been no proof of likelihood of harm, or where the injunctive order was issued to aid and preserve the court's jurisdiction over the subject matter involved." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (quoting *Ferguson v. Tabah,* 288 F.2d 665, 675 (2d Cir. 1961)).

Defendants have not satisfied their burden to establish that the preliminary injunction should be modified.  "As a general matter, decisions resolving aspects of a case may not usually be changed unless there is an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent a manifest injustice." *City of New York v. Lopez*, 2025 WL 1638033, at *2 (S.D.N.Y. June 10, 2025) (quoting *Baliga v. Link Motion Inc.*, 2022 WL 2531535, at *15 (S.D.N.Y. Mar. 9, 2022), *report and recommendation adopted*, 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022)). "The Second Circuit 'disapprove[s] [of] the practice of trying to relitigate on a fuller record preliminary injunction issues already decided.'" *Id.* (quoting *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir. 1970)). The Court gave both parties a full and fair opportunity to litigate the motion for a preliminary injunction and the bond, going so far as to raise *sua sponte* the question of the amount of the bond when Defendants had not raised the issue themselves, and permitting the parties supplemental submissions after the hearing was concluded. Plaintiff submitted a letter arguing for the propriety of the $15,000 bond. Dkt. No. 35. Defendants squandered that opportunity. They submitted a letter with what appears to be an unauthenticated webpage but with all financial figures redacted, Dkt. No. 39, without even so much as filing the unredacted letter under seal or asking the Court to accept it as under seal. Defendants have now filed on the public docket a letter apparently with the same webpage and with the financial figures unredacted. Dkt. No. 49 at 4. But if Defendants can now publicly file the sales figures for their allegedly infringing products without seeking any sealing, they could also have previously filed those figures on the public docket. Essentially, they seek a redo, requiring the parties to relitigate an issue already litigated based on evidence Defendants could have presented but did not at the preliminary injunction hearing. The motion is properly denied for that reason alone.

       Second, even if the Court were to disregard Defendants' failure to present the financial figures at the appropriate time and the Court was considering the appropriate amount of the bond de novo, the result would not be different. "[T]he burden is on the party seeking security to

establish a rational basis for the amount of the proposed bond." *Hutzler Mfg. Co., Inc. v. Bradshaw Int'l, Inc.*, 2013 WL 12623259, at *5 (S.D.N.Y. Mar. 28, 2013) (citing *AB Electrolux v. Bermil Indus. Corp.*, 481 F. Supp. 2d 325, 337 (S.D.N.Y. 2007)); *see also Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006) (same), *aff'd*, 246 F. App'x 73 (2d Cir. 2007). In a patent infringement case, the Court may base a bond on an estimate of the defendant's potential lost profits and lost market share from an injunction determined to have wrongly issued. *See Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1385 (Fed. Cir. 2006); *Johnson Controls, Inc. v. APT Critical Sys., Inc.*, 323 F. Supp. 2d 525, 542 (S.D.N.Y. 2004) (setting bond amount based on defendant's potential lost profits); *Research Foundation of State University of New York v. Mylan Pharmaceuticals Inc.*, 723 F. Supp. 2d 638, 664 (D. Del. 2010) (same).

The courts in this Circuit have also held that it is appropriate to consider not only the damage that the enjoined party is likely to suffer as a result of having been wrongfully enjoined but also the likelihood that such a conclusion will be reached. *See IME Watchdog, Inc. v. Gelardi*, 732 F. Supp. 3d 224, 243–44 (E.D.N.Y. 2024); *Disability Rts. New York v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 WL 484368, at *13 n.16 (N.D.N.Y. Feb. 17, 2022); *Doctor's Assocs. LLC v. Hai*, 2019 WL 2385597, at *5 (E.D.N.Y. June 6, 2019); *Integra Optics, Inc. v. Nash*, 2018 WL 2244460, at *16 (N.D.N.Y. Apr. 10, 2018)*; Allstate Ins. Co. v. Mirvis*, 2017 WL 1166341, at *3 (E.D.N.Y. Mar. 28, 2017); *Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 203 (E.D.N.Y. 2013); *Eastman Kodak Co. v. Collins Ink Corp.*, 821 F. Supp. 2d 582, 590 (W.D.N.Y. 2011) (declining to require plaintiff to post a bond where court "find[s] it very likely that [plaintiff] will prevail on the merits of its claims"); *N.Y.C.*

*Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 345 (S.D.N.Y. 2010); *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 626–27 (S.D.N.Y. 2010).

Defendants have proffered an estimate of their sales for a limited period of time. Dkt. No. 49 ¶ 10. But, even assuming its accuracy, that figure nonetheless fails to account for the cost of those sales. It thus does not provide a measure of the profits that Defendants are at risk of losing as a result of a wrongly issued injunction and provides no rational basis upon which the Court can determine a bond amount other than the amount already set. Moreover, Defendants fail to account for the low likelihood of their success and thus the low likelihood that the Court will conclude that the preliminary injunction was wrongly issued. Tellingly, at the preliminary injunction stage, Defendants did not offer evidence to dispute that their products infringed Plaintiff's patents, contending exclusively that the patents were invalid. *See* Dkt. No. 26. But, as the Court also found at the preliminary injunction stage, Defendants have not shown that there was any substantial question as to the validity of the patents. Dkt. No. 56 at 7:23–10:7.

## CONCLUSION

The motion for modification and/or reconsideration is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47.

SO ORDERED.

Dated: August 8, 2025
       New York, New York

                                             _____
                                                        LEWIS J. LIMAN
                                                  United States District Judge