**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LASHIFY, INC., <br><br> Plaintiff, <br><br> v. <br><br> QINGDAO NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO FOLLOW THE TREND NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO MARS CULTURE MEDIA CO., LTD d/b/a UCOOLME and VIVICUTE LIMITED, <br><br> Defendants. | Case No. 1:25-cv-04183-LJL |

**JOINT STIPULATED [PROPOSED] ORDER GOVERNING PRODUCTION OF**
**DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiff Lashify, Inc. and defendant Qingdao Network Technology Co., Ltd. a/k/a Qingdao

Follow The Trend Network Technology Co., Ltd. d/b/a uCoolMe ("Defendant") stipulate and

agree to the following protocol governing the production of documents and electronically stored

information ("ESI") in this action.

**I.    SEARCH METHODOLOGY FOR EMAIL AND OTHER FORMS OF**
**ELECTRONIC COMMUNICATION**

Discovery requests under Federal Rule of Civil Procedure 34, including those that may call

for ESI, shall not include Communications, which are defined as email or other forms of electronic

communication including, without limitation, text message, Skype, Zoom, WhatsApp, Microsoft

Teams, Google Hangouts, Google Chat, Line, WeChat, KakaoTalk, Facebook Messenger,

Telegram, Viber, Kik, Snapchat, Slack, Discord, Instagram, TikTok, and similar messaging

platforms, unless the propounding party propounds specific requests for Communications under

1

this protocol.

The parties agree to the following with respect to discovery requests seeking the search and production of one or more Communications:

1.      Communications production requests shall identify the custodian, search terms, and time frame.

2.      Each requesting party shall limit its Communications production requests to up to 5 custodians per producing party, and up to 6 search terms or phrases per custodian.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional custodians upon a showing of good cause.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.

3.      The parties agree that keywords for a search will be conducted in English and any translation provided by the searching party for the same keyword.

4.      The parties agree to work together in good faith to ensure that no search results in an unreasonably large production of Communications for any custodian.  If the search terms requested by a requesting party result in more than 7,500 unique documents for a single custodian, the search terms are presumed to be overbroad and the producing party may require that the requesting party narrow its search terms.

## II.    SEARCH METHODOLOGY FOR ESI OTHER THAN EMAIL AND OTHER FORMS OF ELECTRONIC COMMUNICATION

In responding to discovery requests under Federal Rule of Civil Procedure 34 that may implicate the production of ESI other than Communications, as defined above, the parties shall

conduct reasonable searches of accessible ESI repositories (*e.g.*, active local drives and active network drives) as required by Federal Rule of Civil Procedure 34.

## III.    PRODUCTION FORMAT

Foreign Language Documents.  All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of this action, the producing party shall produce both the original document and all English-language versions.

In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.

Nothing herein shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

## IV.    PRIVILEGE LOGS

The parties agree that, absent a showing of good cause, documents created after May 19, 2025 (the date the complaint was filed) that are otherwise protected by the attorney/client privilege or the work product doctrine need not be listed or identified on a privilege log.

IT IS SO STIPULATED AND AGREED this 8th day of May 2026 by:

By:s/*Joseph A. Farco*          By:s/*Jonathan T. McMichael*

| | |
|---|---|
| Joseph A. Farco | Saina S. Shamilov (admitted *pro hac vice*) |
| jfarco@bochner.law | sshamilov@fenwick.com |
| BOCHNER PLLC | FENWICK & WEST LLP |
| 1040 Avenue of the Americas, 15th Flr. | 801 California Street |
| New York, NY 10018 | Mountain View, CA 94041 |
| Telephone:    646.971.0685 | Telephone:    650.988.8500 |

*Attorney for Defendant*
*QINGDAO SHUNSHIERWEI*
*TECHNOLOGY CO.,*
*LTD. d/b/a UCoolMe*

Jonathan T. McMichael (admitted *pro hac vice*)
jmcmichael@fenwick.com
FENWICK & WEST LLP
401 Union St., 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510

Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane
jmclane@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    212.292.5390

*Attorneys for Plaintiff Lashify, Inc.*

May 11, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

4