USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/04/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

LASHIFY, INC.,

Plaintiff,

-v-

QINGDAO NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO FOLLOW THE TREND NETWORK TECHNOLOGY CO., LTD. a/k/a QINGDAO MARS CULTURE MEDIA CO., LTD d/b/a UCOOLME and VIVICUTE LIMITED,

Defendants.

---------------------------------------------------------------------X

25-cv-4183 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Lashify, Inc. ("Lashify" or "Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling Defendants Qingdao Network Technology Co. Ltd. ("UCoolMe") and Vivicute Limited ("Vivicute" and with UCoolMe, "Defendants") to produce documents responsive to its Requests for Production of Documents ("RFP") and to provide complete answers to its interrogatories ("Rog."). Dkt. Nos. 144–45. UCoolMe moves for an order compelling Plaintiff to produce responsive documents, to respond to UCoolMe's requests for admission, and to answer UCoolMe's interrogatories. Dkt. No. 147. Plaintiff's motion is granted in part and denied in part as set forth in this Memorandum and Order. UCoolMe's motion is denied.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). "The party seeking

discovery bears the initial burden of proving the discovery is relevant." *Murudumbay v. 29 St. Stone Inc.*, 2025 WL 2609981, at *1 (S.D.N.Y. Sept. 9, 2025) (internal citations and quotations omitted). Once the moving party has shown relevance, the non-moving party must show undue burden or that the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff seeks an order compelling Defendants to produce responsive documents and complete interrogatory responses, including responses and interrogatory answers related to product samples and raw materials used in the products (RFP Nos. 5, 13, 78–79), manufacturing (RFP Nos. 6, 8, 12, 28, and 37 and Rog. No. 2), its employees and supply chain (RFP Nos. 3, 6, 7, 12, 31, and 35 and Rog. No. 3), marketing information, including agreements and communications with influencers (RFP Nos. 1–2, 9, 11, 17, 42, 53, 64, 72–73, and 84–85 and Rog. No. 9), and financial information (RFP Nos. 41, 61, 63, 65–66, and 82 and Rog. No. 7) as well as answers to requests for production 88–92 and interrogatories 14–19. Dkt. No. 145 at 3. Plaintiff represents, without contradiction, that Defendants have not produced samples of the Accused Products in this case or information about their manufacturing process, have produced almost no information about their relevant employees, supply chain, and marketing, and have produced incomplete information about their sales. *Id.* at 1.

UCoolMe[1] responds that (1) it has "struggled" to find inventory to produce to Lashify; (2) it responded to the requests for information about manufacture through its supplemental response to interrogatory 1 which states that it does not manufacture any Accused Product and refers Lashify to a Robin Wang; (3) it "does not have any specific company structure and has

[1] Although the motion and the discovery requests are directed to UCoolMe and Vivicute and the responses are provided on behalf of UCoolMe and Vivicute, Dkt. No. 145-1, only UCoolMe has responded to the motion to compel.

provided documents identifying employees"; (4) it has provided "exemplary promotions and advertisements in response to Lashify's Interrogatory No. 9"; and (5) UCoolMe's projected sales since the injunction have been zero. Dkt. No. 148 at 1–2. It does not argue burden.

The Court has reviewed each of the requests for production of documents at issue. They all call for relevant documents within the meaning of Federal Rule of Civil Procedure 26(a). Defendants were obligated to respond to them. It is not a sufficient answer that UCoolMe has struggled to find inventory. It is obligated to conduct a reasonable inquiry of documents in its possession, custody or control to locate all responsive documents, *see* Fed. R. Civ. P. 26(g)(1)(A), including sets of representative samples of each Accused Product, documents sufficient to show the material composition of each of the Accused Products, and the requested materials related to manufacturing. It likewise is not sufficient answer to Plaintiff's requests for documents and interrogatory responses regarding manufacturing for Defendants to say that they do not engage in manufacturing. The requests for production of documents calls for documents in Defendants' possession, custody and control regardless of whether Defendants themselves are engaged in manufacture. Defendants should know and have documents regarding who manufactured the Accused Products (including communications with the manufacturers regarding the Accused Products) even if Defendants themselves did not engage in manufacture. RFP Nos. 6, 8, 12, 31, and 35 also call for relevant documents; it is irrelevant that Defendants do not have a specific company structure. Plaintiff's marketing requests (RFP Nos. 1–2, 9, 11, 17, 42, 53, 64, 72–73, and 84–85) also call for relevant documents. It is not enough that Defendants have provided exemplary promotions and advertisements or directed Plaintiffs to certain documents in their interrogatory response. Dkt. No. 144-1 at 124–25.[2] Defendants are obligated

[2] Citations to this docket entry use ECF pagination.

to make a complete production. Finally, as to the requests directed to financial and sales information (RFP Nos. 41, 61, 63, 65–66, and 82), those requests are not limited to the time period after the Court issued the injunction. Defendants thus cannot rely on the assertion (if it is correct) that since the injunction they have not made sales.

Plaintiffs' interrogatories 2, 3, 7 and 9 also call for relevant information. Defendants must provide complete sworn answers to them.[3]

UCoolMe represents that it is in the process of meeting and conferring on its responses to Lashify's requests for production 88–92 and interrogatories 14–19. Accordingly, the Court denies the motion to compel without prejudice to renewal. The parties are directed to meet and confer by September 9, 2026. If the issues are not resolved, Lashify may renew its motion to compel by September 14, 2026.

Thus, Defendants shall completely respond to RFPs 1–2, 5–9, 11–13, 17, 28, 31, 35, 37, 41–42, 53, 63–66, 72–73, 78–79, 82, and 84–85 and interrogatories 2, 3, 7, and 9 no later than September 25, 2026. The parties shall meet and confer by September 9, 2026 on RFPs 88–92 and interrogatories 14–19.

UCoolMe moves to compel responses to its following requests for production of documents: 1, 7–10, 13–17, 23, and 30–31. Dkt. No. 147 at 1–3. Plaintiff responds (i) that it has already agreed to produce the documents it produced in three earlier cases, other than third-party confidential documents and ESI materials, (ii) that it is producing demonstratives it used at trial relating to the '020 patent, (iii) that it is producing its settlement agreements related to the asserted patents, (iv) that it has produced hundreds of documents related to the conception and reduction to practice of the asserted patents and that it is not withholding any non-privileged

---

[3] Defendants do not argue that the Interrogatories violate Local Civil Rule 33.3.

documents, (v) that it has produced documents related to secondary considerations of non-obviousness and detailed customer- and product-level sales data and income statements, balance sheets, and other relevant sales and financial data and (vi) that it had not produced communications regarding its plans to stop infringement because it has not received a specific request for such communications and it is not aware of any responsive non-privileged documents regarding sales or public disclosure before the filing date. Dkt. No. 149 at 2–3. UCoolMe's motion with respect to the request for production of documents therefore is denied.

UCoolMe also moves to compel responses to its interrogatories numbers 6 and 11. Dkt. No. 147 at 3. Interrogatory 6 asks how Plaintiff has complied with the patent marking statute. A patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages. 35 U.S.C. § 287(a). Under Federal Circuit precedent, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to article the products it believes are unmarked 'patented articles' subject to § 287." *Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). The Federal Circuit has explained that "without some notice of what market products [the alleged infringer] believes required marketing, [the patentee's] universe of products for which it would have to establish compliance would be unbounded." *Id.* UCoolMe argues that the law with respect to the burden of production applies to trial and not to discovery, but in the case that it cites, *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252 (S.D.N.Y. 2024), the alleged infringer identified the products that it "believed were unmarked patented articles subject to the notice requirements of 35 U.S.C. § 287." *Id.* at 255. Defendants have not done so. This motion to compel is thus denied without prejudice.

Plaintiff objects to interrogatory number 11 which asks Lashify to explain all differences between the asserted claims and the "iENVYbyKISS" reference. Dkt. No. 149 at 3. As Plaintiff points out, the reference is not part of UCoolMe's invalidity contentions. *Id.* Therefore, the objection is sustained.

UCoolMe's blanket motion to compel a response to its requests for admission is denied without prejudice. The Court's Local Civil Rules require the moving party to "specify and quote or set forth verbatim . . . each discovery request and response to which . . . [it] is addressed" and "the grounds on which the moving party is entitled to prevail for each request or response." L. Civ. R. 37.1; *see Eletson Holdings Inc. v. Levona Holdings Ltd.*, (LJL), 2025 WL 1930168, at *1 (S.D.N.Y. July 14, 2025). UCoolMe has not done so and its failure to do so prevents the Court from ruling on its motion.

Finally, Plaintiff moves to file under seal portions of Exhibit A to its motion to compel. Dkt. No. 143. UCoolMe filed a letter in support of the motion to seal, seeking continued sealing of information in Exhibit A. Dkt. No. 150; *see* Dkt. No. 144-1 at 120–21, 124–25 (Exhibit A). For the following reasons, that motion is granted.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The weight of the presumption varies with the stage of the proceedings and materials

submitted in connection with pretrial matters are accorded greater protection from disclosure than materials introduced at trial. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (stating that the public has an "especially strong" right of access to evidence introduced in trials). The portion of Exhibit A that Plaintiff seeks to seal contains financial information regarding Defendants' businesses. At the pretrial stage, on a discovery motion, "financial information implicate[s] 'significant privacy interests' that overcome the strong presumption of public access." *Spencer-Smith v. Ehlrich*, 2025 WL 1115019, at *2 (S.D.N.Y. Mar. 20, 2026) (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023)); *see also In re Upper Brook Cos.*, 2023 WL 172003, at *9 (S.D.N.Y. Jan. 12, 2023) ("[T]he need to protect confidential business information from disclosure can outweigh a presumption of public access."). The exhibit at Dkt. No. 144-1 shall remain under seal.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 143, 144, 145 and 147.

SO ORDERED.



Dated: September 4, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge